A. H. Young *v.* Philip Doherty, Executor, etc., of Henry
Snyder, deceased, Appellant.

183    279
30 SC ²421

*Promissory notes—Defenses—Evidence.*

In an action upon a promissory note it is proper to exclude evidence to
the effect that, while the plaintiff frequently boasted of claims against
different people, he never alluded to the note in suit until after the death
of the maker; that, although he had entered a great number of judgments,
he had not instituted proceedings upon this note; that he was in the habit
of endeavoring to enforce unjust claims; and that he had not returned
this note for taxation, it appearing that he had made no return of any
property.

In an action upon a promissory note the case is for the jury where the
testimony as to the genuineness of the signature of the maker of the note
is conflicting.

*Presumption of payment—Promissory note.*

The court will not submit to the jury the question of the presumption
of payment of a promissory note under seal where twenty years has not
expired from the date of the note, unless there are persuasive circum-
stances tending to support the presumption.

Argued Oct. 13, 1897.   Appeal, No. 81, Oct. T., 1897, by
defendant, from judgment of C. P. Westmoreland County,
Feb. T., 1896, No. 703, on verdict for plaintiff.   Before STER-
RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN
and FELL, JJ.   Affirmed.

Assumpsit upon a promissory note under seal. Before DOTY, P. J.

At the trial the note in suit was offered in evidence.

It was objected to because upon its face it purports to have been signed by Snyder as surety, and the absence of the signature from the customary place is not explained.

By the Court: Objection overruled; exception for defendant; bill sealed. [3]

Defendant proposed to prove by James McCabe and other witnesses that he was an intimate friend or acquaintance of the plaintiff and had been such for a number of years; that the plaintiff had frequently boasted of claims that he had against different people but never alluded to the note in suit until after the death of Henry Snyder. This, with other facts and circumstances, for the purpose of submission to the jury to presume the fact of payment.

Objected to as incompetent and irrelevant.

By the Court: Objection sustained; offer overruled; exception for defendant; bill sealed. [4]

Defendant proposed to prove by the records the fact that plaintiff has entered in this court a great number of judgments, and brought suits for the purpose of securing and enforcing payment of debts due him; this, coupled with the fact that he failed to enter the note in suit, to show that he made no claim to any indebtedness during the lifetime of the decedent; this fact to be shown in connection with other facts and circumstances to be submitted to the jury, upon which they would be justified in presuming the fact of payment.

Objected to as incompetent and irrelevant.

By the Court: Objection sustained; offer overruled; exception for defendant; bill sealed. [5]

Defendant proposed to prove by A. Shumaker and other witnesses that the plaintiff in this case, not content with trying to enforce valid claims, is in the habit of endeavoring to enforce unjust ones, equally as unjust as we believe the note in suit to be; for the purpose of showing the habit and practice of the plaintiff; this, with other circumstances, to justify the jury in presuming the fact of payment.

Objected to as incompetent and irrelevant.

By the Court: Objection sustained; offer overruled; exception for defendant; bill sealed. [6]

Defendant offered the records in the commissioners' office for the purpose of showing that the plaintiff never returned the claim in suit for purposes of taxation since 1885.

Objected to as incompetent and irrelevant, and for the further reason that a disclosure of the records will show that the plaintiff never made any return.

By the Court: Objection sustained, on the ground that the record shows that no return was made by plaintiff; offer overruled; exception for defendant; bill sealed. [7]

The court charged as follows:

Although this case involves a large sum of money, it comes down to a single question of fact, which is a matter for your determination under the evidence which you have heard. The suit is on a note; the note is under seal, and is dated September 27, 1878, payable in six months after the date thereof, and signed, as alleged by the plaintiff, by Henry Snyder, whose executor is the defendant in this action.

The plaintiff, in order to make out his case, calls several witnesses; four witnesses are called upon the question, and the only question of fact involved in the case; three of these had a personal acquaintance with Henry Snyder in his lifetime. They testify that they were familiar with his hand-writing; that they had acquired familiarity with his signature by having business transactions with him and by seeing him write; and these three witnesses all testify that in their opinion this is the genuine signature of Henry Snyder. In addition to this, the plaintiff calls one J. B. Flack, who is an expert in handwriting. After an examination of this paper and after a comparison of it with admittedly genuine signatures, he testifies that in his opinion this signature is genuine and not forged. After the introduction of this testimony, the plaintiff offers the note, which is admitted in evidence. In answer thereto, there is no testimony on the part of the defendant expressing an opinion different from the opinion given by the witnesses on behalf of the plaintiff. There are admitted, however, a number of papers bearing the signature of Henry Snyder; these are admittedly genuine; a great many have been offered on behalf of the plaintiff, and a great many others, being checks, we believe, are offered on behalf of the defendant. These all contain the genuine signa-

ture of Henry Snyder, according to the admission of both parties; and being admitted in the case they are also for your consideration in connection with the other testimony which you have heard; and it is for you to take into consideration the evidence that bears upon this question and take into consideration and make a comparison of this paper in suit with the admittedly genuine signatures of Henry Snyder, and then to determine whether or not this is genuine. The defendant, as we have said, in answer to this, calls no witnesses to give any opinion; neither those who are familiar by long acquaintance or association with Snyder, nor any experts to give an opinion as to the genuineness of this signature. The defense is that there is presumption of payment. The law fixes the period of twenty years where a presumption of payment arises about an instrument such as this. After a period of twenty years there could be no recovery. Sometimes, however, a presumption of payment arises in a less period than twenty years; as, for instance, if it were shown that the plaintiff was in needy circumstances, and that the defendant was abundantly able to pay, the inference would naturally arise from such circumstances that some demand or effort to collect the note would have been made at a much earlier period than within sixteen years, which is about the time that elapsed before this suit was instituted. But there is no evidence in this case to show any circumstances that would justify any such inference. There is some evidence which was introduced to show the receipt of money, or the payment of money by D. C. George to Henry Snyder, but this standing alone proves nothing; it does not establish the fact that Henry Snyder is a man of abundant means, and even if it did establish that fact, standing alone it would prove nothing that would raise the presumption that this instrument was paid. This is about all that is in the case. [There is a single, simple proposition for your determination, and that is whether this is the genuine signature of Henry Snyder. If so, the plaintiff is entitled to recover the face of the note, with interest thereon from September 27, 1878. In determining that question, you must have recourse to the evidence which you have heard, and after carefully reviewing it decide that question. If you decide that it is the genuine signature of Henry Snyder, find a verdict for plaintiff for the amount of his claim.] [1] If the signature

is not the genuine signature of Henry Snyder your verdict ought to be for the defendant.

On behalf of the plaintiff we are asked to say:

Under all the evidence and the law in this case we direct you to return a verdict in favor of the plaintiff for the amount of the note, with interest. *Answer:* As we have intimated in our general charge, we cannot affirm this proposition, because we believe that under all the evidence the question remains for your determination. [2]

Verdict and judgment for plaintiff for $4,184. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3-7) rulings on evidence, quoting the bill of exceptions.

*Vin E. Williams*, with him *A. M. Sloan* and *W. A. Griffith*, for appellant.—Although a legal presumption of payment does not arise short of twenty years, a less period, in connection with persuasive circumstances, may be submitted to the jury as ground of a presumption in fact: Webb v. Dean, 21 Pa. 29, fifteen years; Power v. Hollman, 2 W. 218; Tilghman's Exrs. v. Fisher, 9 W. 442.

The lapse of time which has been held sufficient varies according to the circumstances; in Walls v. Walls, 170 Pa. 48, seven years; Lee v. Newell, 107 Pa. 283, seven years; Ross v. McJunkin, 14 S. & R. 369, fourteen years; Moore v. Smith, 81 Pa. 182, sixteen years; Morrison v. Collins, 127 Pa. 28, sixteen years; Henderson v. Lewis, 9 S. & R. 379, sixteen years; Brubaker v. Taylor, 76 Pa. 83, nineteen years; Hess v. Frankenfield, 106 Pa. 440, nineteen years.

What the circumstances may be, never have been and never will be, defined by the law: Diamond v. Tobias, 12 Pa. 312.

Any circumstance is relevant which makes more probable the hypothesis set up: Carey v. Bright, 58 Pa. 70.

*Paul H. Gaither*, with him *Cyrus E. Woods*, for appellee.—A legal presumption of payment does not indeed arise short of twenty years, yet it has often been held that a less period, with persuasive circumstances tending to support it, may be submitted to the jury as ground for a presumption of fact. A less

·period than twenty years is no circumstance in itself, and it is only capable of submission when supported by persuasive circumstances.

Persuasive circumstances, or such as contribute to strengthen the presumption of payment, may be offered in evidence. They must be persuasive—such circumstances as naturally, manifestly and necessarily tend to the presumption of payment. They must be tangible, unequivocal and certain. They must not be doubtful: Hughes v. Hughes, 54 Pa. 240; Rogers v. Burns, 27 Pa. 525.

PER CURIAM, November 8, 1897:

There was no error in charging the jury as recited in the first specification; nor in answering the point quoted in the second specification. The note referred to in the third assignment of error was rightly admitted.

The subjects of complaint in the remaining four specifications are the rejection of the several offers of evidence specified therein. Each of these offers was rightly excluded. If evidence such as that proposed were received and submitted to a jury, the security of sealed instruments would be greatly impaired, if not entirely destroyed.

The case was carefully and correctly tried. We find nothing in any of the specifications that would justify a reversal of the judgment.

Judgment affirmed.